JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5445 | **DATE** | 3/29/2002 |
| **CASE TITLE** | GARFIELD WILLIAMS vs. OWEN VASQUEZ | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: there is no genuine issue of material fact on plaintiff's section 1983 claim and defendant is entitled to judgment as a matter of law. Defendant's motion for summary judgment is, therefore, granted. This is a final and appealable order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 2 9 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 34 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | MAR 2 9 2002 | |
| | | | date mailed notice | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GARFIELD WILLIAMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OWEN VASQUEZ, ) <br> ) <br> Defendant. ) | No. 00 C 5445 <br> Paul E. Plunkett, Senior Judge |

DOCKETED

MAR 29 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff has sued defendant under 42 U.S.C. § ("section") 1983 for violating his Fourth Amendment rights. Before the Court are defendant's Federal Rule of Civil Procedure ("Rule") 56(c) motion for summary judgment and plaintiff's motion to strike one of defendant's factual submissions. For the reasons set forth below, the motion to strike is denied and the motion for summary judgment is granted.

### Motion to Strike

In support of his motion, defendant has submitted the transcript of the testimony he gave at plaintiff's criminal trial. Plaintiff says that the transcript, and all of defendant's fact statements that are based on it, should be stricken because: (1) trial transcripts are not listed in Rule 56(c) as one of the acceptable sources of support for a summary judgment motion; and (2) even if they were, the transcript is inadmissible hearsay. Neither argument is persuasive.

-1-

First, Rule 56(c) does not contain an exhaustive list of materials that may be submitted in support of summary judgment. In addition to those listed, we "may consider any material that would be admissible or usable at trial." Aguilera v. Cook County Police & Corrections Merit Bd., 760 F.2d 844, 849 (7th Cir. 1985) (internal quotation marks and citation omitted). Thus, the mere fact that trial transcripts are not listed in the Rule is not a basis for striking the transcript submitted by defendant.

Second, the fact that the transcript is hearsay does not render it inadmissible. The materials submitted in support of a summary judgment motion must be admissible in *content*, not in form. Wiskunas v. Birnbaum, 23 F.3d 1264, 1267-68 (7th Cir. 1994). Thus, if "a change in form . . . , for example a substitution of oral testimony for a summary of that testimony in an affidavit, would make [the] evidence admissible at trial," it is admissible on summary judgment. Id. at 1268. Because defendant could testify at trial to his version of the events leading up to plaintiff's arrest, which is the content of the trial transcript, the transcript is admissible to support his summary judgment motion. Plaintiff's motion to strike is, therefore, denied.

**Motion for Summary Judgment**

**The Legal Standard**

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. Michas v. Health Cost Controls

of Ill., Inc., 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. Id.

## Facts

The parties agree that on March 17, 1999, plaintiff, who was 74 years old, suffered from diabetes and arthritis and could walk only with the assistance of a cane, lost consciousness while driving west on West Chicago Avenue. (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 1-8; Def.'s Resp. Pl.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 1-8.) His car crossed the center lane and landed on some parking meters on the east side of the street. (Def.'s LR 56.1(a)(3) Stmt. ¶¶ 6, 9-10; Pl.'s LR 56.1(b)(3)(A) Stmt. ¶¶ 6, 9-10.) Shortly thereafter, defendant arrived on the scene. (Id. ¶ 9.)

At this point, the parties' stories diverge. Defendant says that plaintiff was unable to walk without support, had red eyes, smelled of alcohol, and failed a number of field sobriety tests. (Def.'s LR 56.1(a)(3) Stmt. ¶¶ 15, 19-27.) As a result, defendant says, he arrested plaintiff for driving under the influence of alcohol ("DUI") and gave him tickets for: having an expired driver's license, failing to produce proof of insurance, damaging city property, and failing to keep in his lane of traffic. (Id. ¶ 29.) Plaintiff says that he had not been drinking that day, pulled himself out of the car without assistance and thereafter walked with his cane, and was neither offered nor took any kind of sobriety test. (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 9-35.)

Ultimately, the license and insurance charges were dropped, plaintiff was acquitted of the DUI and damage to city property charges, and he was found guilty of failing to stay in his lane. (Def.'s LR 56.1(a)(3) Stmt. ¶¶ 33-35; Pl.'s LR 56.1(b)(3)(A) Stmt. ¶¶ 33-35.) After he was acquitted

on the DUI charge, plaintiff filed this suit claiming that defendant had falsely arrested him in violation of the Fourth Amendment.

## Discussion

If defendant had probable cause to arrest plaintiff for DUI, plaintiff's section 1983 false arrest claim is barred. Schertz v. Waupaca County, 875 F.2d 578, 582 (7th Cir. 1989). Probable cause is a "practical, nontechnical conception" that requires an "evaluation of the totality of the circumstances." United States v. Rucker, 138 F.3d 697, 700 (7th Cir. 1998) (internal quotation marks and citations omitted). "[P]olice officers have probable cause to make a warrantless arrest when they have trustworthy information sufficient to warrant a prudent person in believing that the suspect had committed or was committing an offense." Id.

Plaintiff was arrested for DUI. And, if defendant's version of the story were undisputed, he would have had probable cause for the arrest. But it is not. Defendant says plaintiff smelled of alcohol, had red eyes, needed help standing, and failed several sobriety tests. (Def.'s LR 56.1(a)(3) Stmt. ¶¶ 15, 19-27.) Plaintiff says there was no alcohol smell because he had not been drinking, he stood by himself and walked with the assistance of his cane, and neither took nor failed any sobriety tests. (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 9-35.) Consequently, the only undisputed facts that were known to defendant at the time of the arrest are that plaintiff lost consciousness while driving on West Chicago Avenue, crossed the center lane and drove onto the curb on the east side of the street. (Def.'s LR 56.1(a)(3) Stmt. ¶¶ 5-6, 9; Pl.'s LR 56.1(b)(3)(A) Stmt. ¶¶ 5-6, 9.) Standing alone, those facts are not probable cause for a DUI arrest.

-4-

All is not lost for defendant, however. Even if he did not have probable cause for the DUI arrest, defendant is entitled to qualified immunity if he had arguable probable cause to arrest plaintiff on that or any other closely-related charge. Biddle v. Martin, 992 F.2d 673, 676 (7th Cir. 1993). Defendant says he is entitled to immunity because he had probable cause to arrest plaintiff for improper lane use, a charge that is closely related to the DUI.

The Court agrees that defendant had at least arguable probable cause to arrest plaintiff for improper lane usage. At the time of the arrest, it is undisputed that defendant knew plaintiff passed out while driving and caused his car to cross from the westbound lane of Chicago Avenue to the curb on the east side of the street. (Def.'s LR 56.1(a)(3) Stmt. ¶¶ 5-6, 9; Pl.'s LR 56.1(b)(3)(A) Stmt. ¶¶ 5-6, 9.) Those facts would cause a reasonable police officer to believe that plaintiff had violated the Illinois lane use law. See 625 ILL. COMP. STAT. 5/11-709(a) (requiring motorists to stay in one lane and to change lanes only after determining it is safe to do so).

But probable cause for that charge will win defendant immunity only if it is "closely related" to the DUI. Biddle, 992 F.2d at 676. According to our Court of Appeals, the lane charge is closely related to the DUI if it "can reasonably be based on the same set of facts that gave rise to the [DUI] arrest" and "would have recommended itself to a reasonable police officer acting in good faith" at the time of the arrest. Williams v. Jaglowski, 269 F.3d 778, 783 (7th Cir. 2001) (internal quotation marks, alterations and citation omitted), petition for cert. filed, (U.S. Jan. 14, 2002) (No. 01-1282). According to defendant, the facts that gave rise to the DUI arrest were the position of plaintiff's car, the appearance of his eyes, the alcohol odor on his breath and his performance on the field sobriety tests. (Def.'s LR 56.1(a)(3) Stmt. ¶ 29.) According to plaintiff, the arrest was based solely on the fact that he lost consciousness and drove over the center line of Chicago Avenue. (Pl.'s LR

56.1(b)(3)(A) Stmt. ¶ 29.) Under either set of facts, improper lane use is one of the charges that would have "recommended itself to a reasonable police officer acting in good faith." Jaglowski, 269 F.3d at 783. The two charges are, therefore, closely related.

We recognize that our conclusion is at odds with that reached by Judge Gottschall in Carroll v. Village of Homewood, No. 97 C 2747, 2001 WL 1467708 (N.D. Ill. Nov. 15, 2001), a case on which plaintiff relies. In that case, Carroll was stopped by a police officer as he turned into a convenience store parking lot. The officer told Carroll to get out of his car and administered field sobriety tests to him. Afterwards, the officer arrested Carroll for DUI and issued tickets to him for speeding and improper lane use. Carroll was subsequently acquitted of the DUI charge.

Like the plaintiff in this case, Carroll filed a section 1983 suit alleging that his Fourth Amendment rights had been violated by a false arrest for DUI. Like the defendants in this case, the Carroll defendants argued that they were entitled to qualified immunity, even if they did not have probable cause for the DUI arrest, because they had arguable probable cause to arrest for the closely-related charge of improper lane use. Relying on a First Circuit case, Judge Gottschall said that two charges are related only if they relate to the same conduct and "share similar elements or [are] directed generally at prohibiting the same type of conduct." Id. at *7 (internal quotation marks and citation omitted). The court concluded that the two charges were not closely related because they do not relate to or prohibit the same conduct and the alcohol-related facts on which the DUI arrest allegedly was based "would [not] support a charge of improper lane usage." Id. at *8.

We respectfully disagree with Judge Gottschall's conclusion. The Seventh Circuit's standard for relatedness is less stringent than the First Circuit standard she employed. The question, according to our court of appeals, is whether the charge offered as justification can reasonably be

based on the facts that gave rise to the arrest, not whether the two charges have similar elements or prohibit the same conduct. Jaglowski, 269 F.3d at 783. It is undisputed that the position of plaintiff's car, which was facing west on the east side of the street, was one of the facts that gave rise to the DUI arrest. Moreover, though the other facts that defendant says prompted the arrest – the smell of alcohol, the appearance of plaintiff's eyes and his poor performance on the sobriety tests – are not necessary for an improper lane use charge, they are not inconsistent with that charge either. Because the facts that led to the DUI arrest could reasonably support an improper lane use charge, the two charges are closely related within the meaning of Jaglowski.

In sum, there are factual disputes that preclude us from determining whether defendant had probable cause to arrest plaintiff for DUI. However, the undisputed facts show that defendant had at least arguable probable cause to arrest plaintiff for the closely-related charge of improper lane use. He is, therefore, entitled to qualified immunity from plaintiff's section 1983 false arrest claim.

## Conclusion

For the reasons set forth above, there is no genuine issue of material fact on plaintiff's section 1983 claim and defendant is entitled to judgment as a matter of law. Defendant's motion for summary judgment is, therefore, granted. This is a final and appealable order.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: 3-29-02